NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0149n.06

No. 21-3371

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| THE SCOTT FETZER CO., | ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) | |
| Defendant-Appellee. | ) ) | OPINION |
| | ) | |

Before: BATCHELDER, GIBBONS, and ROGERS, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.** Plaintiff-Appellant Scott Fetzer Company appeals the district court's denial of its motion for summary judgment and attorney's fees in this insurance-coverage dispute. Previously, we held that the district court erred when it granted summary judgment on Scott Fetzer's breach-of-contract claim. The facts material to this appeal are thoroughly set out in our prior opinion and in the district court's opinion; we will not reiterate them here. After the case returned to district court and the district court entered judgment in Scott Fetzer's favor on the breach-of-contract claim, the parties filed cross-motions for summary judgment on Scott Fetzer's bad-faith claim. Scott Fetzer argued that there was a genuine issue of material fact as to whether Zurich conducted a good-faith investigation into its claim. The district court held that Scott Fetzer failed to show that there was no reasonable justification for how Zurich handled and denied Scott Fetzer's claim. The district court also held that Scott Fetzer was not

entitled to attorney's fees because Zurich accepted the defense and coverage with reservation of rights, and the contract contains no provisions requiring the reimbursement of legal fees.

After carefully reviewing the law, the parties' arguments, and the record evidence, we conclude that the district court correctly assessed the proffered evidence and correctly applied the law to that evidence. And, as Zurich points out, Scott Fetzer's argument about the good-faith investigation involves a legal issue of coverage, not a factual issue. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for these reasons and the reasons stated in the district court's opinion, we **AFFIRM**.